IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY STURNIALO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-694 GMS |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

**I. INTRODUCTION**

This case comes from the denial of Anthony Sturnialo's ("Sturnialo") claim for Social Security disability benefits. Sturnialo applied for Supplemental Security Income payments on August 29, 2003. His claim was first denied on April 1, 2004. (D.I. 13 at 32.) Sturnialo requested that the claim be reconsidered on April 8, 2004. (Id. at 37.) On June 7, 2004, Sturnialo's claim was again denied. (Id. at 39-43.) Following this denial, Sturnialo requested a hearing to review this finding. (Id. at 44.) The request was granted, and on February 17, 2005, Administrative Law Judge Edward J. Banas (the "ALJ") held a hearing to determine Sturnialo's eligibility. (Id. at 242-280.) On June 9, 2005, the ALJ issued a written opinion finding that Sturnialo is not disabled within the meaning of the Social Security Act (the "Act") and denying his claim for supplemental income. (Id. at 12-25.) Subsequently, on July 28, 2005, the Appeals Council denied Sturnialo's request for review. (Id. at 7-9.)

Following this denial, Sturnialo filed an appeal with this court on September 21, 2005. Currently before the court are both parties' motions for summary judgment. Because the court finds that the ALJ's decision is supported by substantial evidence, it will deny the plaintiff's motion and

grant the defendant's motion.

## II. BACKGROUND

Sturnialo was born on February 25, 1967 and has a high school education. (D.I. 13 at 53, 71.) He currently lives with his father. (Id. at 263.) The plaintiff's disability claim stems from an accident that occurred on September 17, 2002, when he slipped and fell at work. As a result of this accident, Sturnialo claims that he suffers from nerve damage to his neck, back, legs, and arms that render him disabled. Sturnialo was employed at his then-current job for less than three weeks prior to the accident. (See id. at 61-62, 68.)

### A. Medical Evidence

Between the time of his accident and the time of the ALJ's decision, Sturnialo was examined by at least eleven medical professionals, including an orthopedic surgeon (Id. at 207), a neurosurgeon (Id. at 204), seven other physicians (Id. at 125, 127, 136, 152, 187, 211, 228), and two chiropractors (Id. at 134, 227). It does not appear from the record that any physician examined the plaintiff on more than two occasions. A chiropractor did examine the plaintiff on multiple occasions, but these examinations were sporadic at best, and the chiropractor's records are largely devoid of written explanations or narrative descriptions of the plaintiff's examination results. (See, e.g., id. at 128-33.) As one might expect, the record displays some variation in the opinions of the numerous medical professionals who examined the plaintiff.

However, a relatively representative assessment from the record comes from Dr. Germaine Rowe ("Dr. Rowe"), who examined Sturnialo on August 12, 2004. (Id. at 187.) Dr. Rowe indicated that the plaintiff had some flattening of the normal lumbar curvature and some tenderness in the lower paraspinal muscles, and that he demonstrated restriction of motion of the lumbar spine. (Id.

at 186.) Dr. Rowe also indicated that the plaintiff had a 4+/5 muscle strength in his left leg and a 5/5 muscle strength in his right leg. (Id.) Dr. Rowe concluded that the plaintiff was experiencing symptoms of chronic lower back pain with an element of lumbar radiculopathy. (Id. at 187.) He noted a number of treatment options that the plaintiff rejected, and noted that the plaintiff instead wished to try pills. (Id.) He instructed Sturnialo to follow up on a regular basis every four weeks (Id.), but the record does not contain any additional medical notes from Dr. Rowe.

### B. Hearing Testimony

At the hearing before the ALJ, Sturnialo testified that, as a result of the accident, he suffers from back and leg pain that makes walking or sitting for long periods of time difficult. (D.I. 13 at 251.) A vocational expert (the "VE") testified that there were jobs that individuals with Sturnialo's injury could perform limited to sedentary work with a sit/stand option, and further limited to simple routine tasks that did not require a great deal of concentration. (Id. at 273-75.) The VE further testified that "a wide range of clerical positions," including telephone order clerk, charge account clerk, callout clerk, and ticket seller could be performed by such a person. (Id. at 274.) The VE additionally noted that there would be no jobs available that Sturnialo could perform, if his injury was as completely disabling as he claimed (a claim rejected by the ALJ). (Id. at 279.)

### C. The ALJ's Findings

Based on the medical evidence and the testimony of the VE and other witnesses, the ALJ determined that the plaintiff was not disabled within the meaning of Section 1614(a)(3)(A) of the Act. (D.I. 13 at 15.) The ALJ found that the medical evidence indicated that the plaintiff has degenerative disc disease and left knee pain. (Id. at 18.) However, the ALJ also noted that the plaintiff had not been hospitalized for his impairments, and had failed to follow-up on

recommendations and treatment options made by his treating physician, "which suggests that the symptoms may not have been as serious as has been alleged." (Id. at 21-22.) Although the plaintiff's impairments limit him to "simple, routine work with a sit-stand option," the ALJ determined that Sturnialo "retains the residual functional capacity to perform a significant range of light work," including the telephone order clerk and ticket seller positions suggested by the VE. (Id. at 23.)

### III.    STANDARD OF REVIEW

#### A.    Motion for Summary Judgment

Both parties filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). In determining the appropriateness of summary judgment, the court must "review the record as a whole, 'draw[ing] all reasonable inferences in favor of the non-moving party[,]' but [refrain from] weighing the evidence or making credibility determinations. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation omitted). If the court is able to determine that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law, summary judgment is appropriate. *Hill v. City of Scranton*, 411 F.3d 118, 25 (3d Cir. 2005) (quoting Fed. R. Civ. P. 56(c)).

#### B.    Review of ALJ's Findings

The court must uphold the Commissioner's factual decisions if they are supported by "substantial evidence." See 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence does not mean a large or a considerable amount of evidence. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citing *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Rather, it has been defined as "more than a mere scintilla. It means

such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

Credibility determinations are the province of the ALJ, and should only be disturbed on review if not supported by substantial evidence. *Pysher v. Apfel*, Civ. A. No. 00-1309, 2001 WL 793305, at *2 (E.D. Pa. Jul.11, 2001) (citing *Van Horn v. Schweiker*, 717 F.2d 871, 973 (3d Cir. 1983)). Thus, the inquiry is not whether the court would have made the same determination, but rather, whether the Commissioner's conclusion was reasonable. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). In social security cases, this substantial evidence standard applies to motions for summary judgment brought pursuant to Fed. R. Civ. P. 56(c). *See Woody v. Sec. of the Dep't of Health and Human Serv.*, 859 F.2d 1156, 1159 (3d Cir. 1988).

**IV.    DISCUSSION**

The crux of the plaintiff's attack on the ALJ's decision is the claim that the ALJ failed to give proper weight to some evidence, while placing undue importance on other evidence. (See D.I. 15 at 8-9.) However, the plaintiff misapprehends the court's role in reviewing the findings of the ALJ. It is not for the district court to decide whether it would have given specific pieces of evidence the same weight as the ALJ did in his or her decision. Moreover, the considerable variation in the reports of the medical professionals who examined the plaintiff would make such a stringent review of the ALJ's findings particularly unwise in this case.[1] Instead, it is the district court's responsibility

---

[1] For instance, one physician diagnosed Sturnialo with "significant degenerative disc disease" which would require a "lumbar decompression and fusion." (D.I. 15 at 204.) Another reported that Sturnialo was clinically depressed and that it was "possible" that Sturnialo had lumbar facet syndrome, mild lumbar radiculopathy, and degenerative disease of the left knee that was "possibly secondary to the fall in 2002." (Id. at 136.) Yet another reported that Sturnialo

only to review the ALJ's findings and determine whether they could reasonably be supported by the record. *See Ventura*, 55 F.3d at 901. It is plain from the record that the court must uphold the ALJ's findings in this case, since there is more than sufficient evidence to support them.

There is considerable evidence in the record indicating the plaintiff does not meet the disability requirements of 20 C.F.R. § 416.920. For example, Dr. Victor T. Ho, one of the many physicians that examined the plaintiff, indicated that the plaintiff had 4-/5 proximal left lower extremity strength, and 5/5 strength in all other muscle groups. (D.I. 13 at 204.) Dr. Pavani R. Tipirneni also examined the plaintiff, and indicated that he was capable of ambulating without any assistive device with a reciprocal gait, and was able to heel walk, toe walk, and tandem walk. (Id. at 124.) Dr. Asit P. Upadhyay ("Dr. Upadhyay") indicated that Sturnialo had muscle strength of 5-/5 in his right leg and 5/5 throughout the remaining areas, and noted that the plaintiff's "spondylolisthesis appeared to be chronic and healed so I see no reason why he cannot start some type of back strengthening program." (Id. at 211.) Dr. Upadhyay asked Sturnialo to come in for a follow up in one month, but it appears from the record that the plaintiff did not comply with that request. (See id.) The record also indicates that Sturnialo refused a number of the treatment options suggested by his examining physicians. For example, Sturnialo refused to undergo surgery (Id. at 187), take epidural injections (Id. at 187, 211), or use a Duragesic patch suggested by yet another of his examining physicians. (Id. at 187.)

The court could cite to many other facts in the record that support the ALJ's findings, but it is sufficient to say that the record contains far more than the required amount of evidence to

---

had "chronic low back pain with spondyloslisthesis of L5 on S1. (Id. at 211.)

support them. Accordingly, the court does not see any persuasive reason to disturb the ALJ's finding that, despite the pain that his accident has caused, the plaintiff "retains the residual functional capacity to perform . . . simple, routine work with a sit-stand option." (Id. at 22-23.) For these reasons, the court will uphold the ALJ's decision and grant the defendant's motion for summary judgment.

Dated: September 11, 2007         /s/ Gregory M. Sleet
                                  CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY STURNIALO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-694 GMS |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The plaintiff's Motion to Summary Judgment (D.I. 14) is DENIED.

2. The defendant's Motion for Summary Judgment (D.I. 18) is GRANTED.


Dated: September 11, 2007 /s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE